FRANK J. BROWN, *Appellant*, V. J. M. WILKERSON *et al.*,
*Appellees.*

No. 17,095.

TEMPORARY INJUNCTION—*Dissolution on Final Hearing—Continuance in Force by Appeal.* Where a party who obtained a temporary injunction was defeated on the final hearing, the injunction was not continued in force by his appeal.

Appeal from Shawnee district court; ALSTON W. DANA, judge. Opinion filed May 7, 1910. Appellant's application denied.

*E. A. Austin*, for the appellant.

*James E. Larimer*, for the appellee.

*Per Curiam:* The plaintiff in an injunction suit obtained a temporary injunction and gave a bond. On a final hearing judgment was rendered for the defendant, the preliminary order being set aside. The plaintiff appealed within a time fixed by the court, not exceeding ten days, and claims that by virtue of this appeal his temporary injunction and the bond supporting it remain in force. The statute provides:

"When an order discharging . . . an attachment or temporary injunction shall be made in any case, and the party who obtained such . . . injunction shall appeal from such order to the supreme court, the court or judge granting such order shall, upon application of the appellant, fix the time, not exceeding ten days from the discharge or modification of such attachment or injunction, within which the appeal shall be perfected, and during such time the execution of said order shall be suspended and until the decision of the case upon appeal, if the appeal be taken; and the undertaking given upon the allowance of the attachment shall be and remain in full force until the discharge shall take effect. If the appeal be not taken within the time limited, the order of discharge shall become operative and be carried into effect." (Code 1909, § 595.)

Here the temporary injunction was not vacated until

the hearing on the merits; but assuming that the order of vacation may be treated as a separate ruling preceding the judgment, and that the plaintiff by his appeal has stayed the operation of that ruling, the final judgment itself supersedes the prior proceedings, and until it is stayed by some court or order no injunction is in force.

The appellant's application is denied.